**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>JOSE ESTEBAN QUINTERO-SANCHEZ,<br>a.k.a. Jose Esteban Quintero, a.k.a. Jose<br>Quintero-Sanchez,<br><br>        Defendant - Appellant. | Nos. 14-10470<br>        14-10471<br><br>D.C. Nos. 4:07-cr-00056-RCC<br>        4:13-cr-02151-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

In these consolidated appeals, Jose Esteban Quintero-Sanchez appeals from

the district court's judgment and challenges the 30-month sentence imposed

following his jury-trial conviction for reentry after deportation, in violation of 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1326, and the consecutive 18-month sentence imposed upon revocation of supervised release.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quintero-Sanchez contends that the district court procedurally erred by failing to consider and discuss his sentencing arguments and the 18 U.S.C. § 3553(a) factors.   We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.   The record reflects that the district court considered Quintero-Sanchez's arguments and the applicable section 3553(a) factors, and sufficiently explained the sentence.   *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Quintero-Sanchez next contends that the sentence is substantively unreasonable because the district court allegedly focused on a stale criminal conviction and failed to account for the mitigating factors.   The district court did not abuse its discretion in imposing Quintero-Sanchez's sentence.   *See Gall v. United States*, 552 U.S. 38, 51 (2007).   The aggregate within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Quintero-Sanchez's criminal and immigration history.   *See Gall*, 552 U.S. at 51.

**AFFIRMED.**